S. Paul HAZEN, in Person and for All Other Persons Similarly Situated, Appellant,

v.

SOUTHERN HILLS NATIONAL BANK OF TULSA, a National Banking Association, and William H. Greenfield, Individually and in His Former Capacity as Conservator of Southern Hills National Bank, a National Banking Association, Appellees.

No. 8843.

United States Court of Appeals Tenth Circuit.

Aug. 4, 1969.

S. Paul Hazen, pro se (Paul C. Duncan, Oklahoma City, Okl., Ray H. Painter, Jr., and Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, Okl., were with him on the brief) for appellant.

Sam P. Daniel, Jr., Tulsa, Okl., for appellee Southern Hills National Bank of Tulsa.

Walter H. Fleischer, Atty., Dept. of Justice (Barefoot Sanders, Asst. Atty. Gen., John M. Imel, U. S. Atty., and Morton Hollander, Atty., Dept. of Justice, were with him on the brief), for appellee William H. Greenfield.

Before MURRAH, Chief Judge, TUTTLE * and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In 1963, the Comptroller of the Currency for the United States appointed defendant-appellee Greenfield as the conservator of the Southern Hills National Bank. The conservator closed the bank and later its assets were transferred to a new bank, Southern Hills National Bank of Tulsa. Plaintiff-appellant Hazen was an organizer of the old bank and at all pertinent times a stockholder and director thereof. Plaintiff sued the conservator and the new bank, in an Okla-homa state court, to rescind the transfer and to recover damages. The defendants removed the case to federal court. The action was dismissed on the ground that it was a derivative action, that an indispensable party was not joined, and that the plaintiff had failed to comply with Rule 23(b), F.R.Civ.P., now Rule 23.1.

Plaintiff urges that the removal was not proper and that his motion to remand should have been granted because there is no showing that the conservator was acting under color of federal office. See 28 U.S.C. § 1442(a) (1). The issue is resolved by Willingham v. Morgan, 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396. The Court there said that it is sufficient for one seeking removal under § 1442(a) (1) to show that his relationship to the parties is derived solely from his official duties. Here the relationship arose solely from the official duties of Greenfield as conservator under appointment by the Comptroller General.

The argument that the action was an individual or class action is unpersuasive. The transfer of the assets to the new bank was authorized by the directors of the old bank and later approved by its shareholders. The gravamen of the complaint is injury to the old bank by the transfer of assets. In such circumstances the action is derivative. See Knapp v. Bankers Securities Corporation, 3 Cir., 230 F.2d 717, 720; Dobry v. Yukon Electric Co., Okl., 290 P.2d 135, 137–138; and 13 Fletcher, Cyclopedia of Corporations, § 5911, pp. 370–371. Cf. Minichello v. Saxon, 3 Cir., 337 F.2d 75, cert. denied 380 U.S. 952, 85 S.Ct. 1084, 13 L.Ed.2d 969. The wronged corporation is an indispensable party to the action. Koster v. Lumbermens Mutual Casualty Co., 330 U.S. 518, 522–523, n. 2, 67 S.Ct. 828, 91 L.Ed. 1067; Greenberg v. Giannini, 2 Cir., 140 F.2d 550, 554; cf. Coyle v. Skirvin, 10 Cir., 124 F.2d 934, 938, cert. denied 316 U.S. 673, 62 S.Ct. 1044, 86 L.Ed. 1748. The old

* Of the Fifth Circuit, sitting by designation.

bank was not joined as a party and no claim is made that the requirements of Rule 23 were satisfied.

■ In oral argument before this court the plaintiff asserted that the action is individual because he was one of the applicants for the charter issued to the old bank and that the transfer of the assets under the aegis of the conservator violated a personal right. The certificate of authority to engage in the national banking business is issued to an association which has complied with the National Bank Act. See 12 U.S.C. § 27. If the defendants wrongly interfered with the old bank's rights under its certificate, the wrong is to the old bank, not to the plaintiff individually.

The plaintiff insists that the dismissal of the action was procedurally improper. The answer of the conservator contained a motion to dismiss for failure to state a cause of action. The answer of the new bank alleges the insufficiency of the facts stated to constitute a cause of action. The conservator filed a motion for judgment on the pleadings on the ground that the allegations of the complaint show a derivative action. Plaintiff filed an affidavit in opposition and the new bank countered with an affidavit. The question was extensively briefed by the parties. The trial court dismissed, without oral argument, on the grounds of failure to join an indispensable party, the old bank, and failure to show a demand and refusal of the old bank to redress the alleged wrongs committed against it. The plaintiff says that the dismissal was ordered without notice or hearing. The plaintiff had notice by the answers which challenged the sufficiency of the facts and by the motion for judgment on the pleadings which specifically raised the derivative-suit question. He filed a brief in support of the complaint.

■ Rule 78, F.R.Civ.P., authorizes district courts to provide by rule "for the submission and determination of motions without oral hearing upon brief written statements of reasons in support

and opposition." The Northern District of Oklahoma has so provided by its Rule 13. Comprehensive briefs were filed by the parties. The trial court did not abuse its discretion in not permitting oral argument. See Skolnick v. Martin, 7 Cir., 317 F.2d 855, 857, cert. denied 375 U.S. 908, 84 S.Ct. 199, 11 L.Ed.2d 146, and United States Fidelity and Guaranty Company v. Lawrenson, 4 Cir., 334 F.2d 464, 466–467, cert. denied 379 U.S. 869, 85 S.Ct. 141, 13 L.Ed.2d 71.

Affirmed.