437 F.2d 1155
 Donald MORROW, Appellant,
v.
Norman TOPPING, President, University of Southern California; Evelle Younger, Los Angeles District Attorney, Tom Reddin, Chief, Los Angeles Police Department, the United States of America, and the County of Lancaster, State of Nebraska, Appellees.
 No. 24284.
 United States Court of Appeals, Ninth Circuit.
 January 5, 1971.
 Rehearing Denied January 27, 1971.
 
 Donald Morrow, in pro per.
 Larry L. Dier, Asst. U. S. Atty., John D. Maharg, County Counsel, Michael Douherty, Deputy County Counsel, Roger Arnebergh, City Atty., John A. Daly, George J. Franscell, Asst. City Attys., Lowell M. Ramseyer, Deputy City Atty., Cleve R. Ferguson of Musick, Peeler & Garret, Donnelly, Clark, Chase & Haakh, Los Angeles, Cal., for appellees.
 Before CHAMBERS, HAMLEY and KILKENNY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald Morrow appeals from the dismissal of his action against the President of the University of Southern California, the Chief of the Los Angeles Police Department, the Los Angeles State District Attorney, the United States and Lancaster County, Nebraska. Appellant sought tort damages and redress for the alleged deprivation of various constitutional rights in connection with appellant's commitment to, and the events following his release from, a mental hospital in Nebraska.
 
 
 2
 Plaintiff argues that the district court erred in the following respects: (1) denial of due process by acting upon defendants' motions to dismiss without oral argument; (2) denial of appellant's motion for reconsideration; and (3) denial of a fair hearing because: (a) the district judge's attitude toward plaintiff's case "may have been prejudiced" since one of the defendants is President of the University of Southern California, where the judge obtained his undergraduate degree, (b) the district judge was a member of the staff of the United States District Attorney at the time when that office "may have been involved" in this matter, and (c) one of the defendants is the United States, which employs the district judge.
 
 
 3
 Under Rule 3(d) of the Rules of the District Court for the Central District of California, motions, in general, are to be submitted and determined on the basis of motion papers, and without oral argument. Such a local rule is contemplated by Rule 78, F.R.Civ.P. See Rose Barge Line, Inc. v. Hicks, 421 F.2d 163 (8th Cir. 1970); Proceedings of the Seminar on Procedures for Effective Judicial Administration, 29 F.R.D. 191, 301. Failure to have oral argument before acting upon the motions to dismiss was therefore in full accordance with established procedure.
 
 
 4
 Promulgation of the local rule, and adherence thereto in this case, does not manifest an abuse of discretion. See Hazen v. Southern Hills National Bank of Tulsa, 414 F.2d 778, 780 (10th Cir. 1969). Nor, under the circumstances of this case, did it deny plaintiff due process of law. See Federal Communications Commission v. WJR, The Goodwill Station, Inc., 337 U.S. 265, 272-285, 69 S.Ct. 1097, 93 L.Ed. 1353; Sarelas v. Porikos, 320 F.2d 827 (7th Cir. 1963).
 
 
 5
 Plaintiff's purported motion to reconsider was not accompanied by the affidavit required by Rule 3(k) of the district court, nor did appellant present any evidence of the sort required by Rule 60, F.R.Civ.P., for such relief. There was no error in the denial of the motion.
 
 
 6
 Finally, appellant's vague allegations of bias in the district judge, leaving their insubstantiality aside, are untimely and can avail him nothing here. See 28 U.S.C. § 144.
 
 
 7
 Affirmed.