**CITIZENS & SOUTHERN NATIONAL BANK, Plaintiff,**

v.

**William A. AUER et al., Defendants.**

**No. CIV-2-77-55.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 16, 1981.

W. Carr Hagan, Jr., Kingsport, Tenn., for plaintiff.

Wendal D. Jackson, Bristol, Tenn., O. Taylor Pickard, Jr., Kingsport, Tenn., and G. Richard Johnson, Johnson City, Tenn., for defendants.

## MEMORANDUM OPINION AND DIRECTION

NEESE, District Judge.

This Court's judgment of May 2, 1978 herein was reversed on appeal and this action was remanded to this Court for further proceedings in accordance with that decision of the appellate court " * * * to decide whether there was a fraudulent conveyance under T.C.A. § 64–317 * * * " by the de-fendant-appellee Mr. Auer to his wife the defendant-appellee Mrs. Auer of his interest in real estate formerly owned by them as tenants by the entirety. *Citizens & Southern Nat. Bank v. Auer, et al.*, 640 F.2d 837, in the United States Court of Appeals for the Sixth Circuit, judgment of February 4, 1981 issued as a mandate to this Court on February 26, 1981. The defendants Mr. and Mrs. Auer filed a "memorandum to the Court" of February 17, 1981, importuning this Court to find and conclude additionally that the aforementioned conveyance was not fraudulent.

Such memorandum is treated as an "un-differentiated motion" for such relief under Rule 7(b)(1), Federal Rules of Civil Procedure. *Cf. Reed & Martin, Inc. v. Westinghouse Electric Corp.*, C.A.2d (1971), 439 F.2d 1268, 1277[15], [16]. The plaintiff respond-ed thereto. This matter was then reconsid-ered on the record of March 15, 1978. Local Rule 12(c); *Federal Communications Com. v. Station WJR* (1949), 337 U.S. 265, 272–285, 69 S.Ct. 1097, 1101–1108, 93 L.Ed. 1353, 1358–1365 (headnotes 3–6, inclusive), cited in *Morrow v. Topping*, C.A. 9th (1971), 437 F.2d 1155, 1156–1157[6].

(It is stipulated that any net recovery by the plaintiff The Citizens & Southern National Bank will be shared in equal parts by it and the defendant Richland Trust Company. Therefore, the additional findings and conclusions of the Court involving such defendant will apply with equal force to such plaintiff.)

 The foregoing conveyance, claimed by the plaintiff and such defendant to have been fraudulent, was made during the interspousal relationship of the defendants Mr. and Mrs. Auer. Such a convey-ance is fraudulent *prima facie* if the con-veying spouse was in financial difficulty at the time of such conveyance and is fraudu-lent if it was made with actual intent to hinder, delay or defraud the conveyor's creditors. T.C.A. § 64–315. Any convey-ance, including an interspousal conveyance, is fraudulent, if the fair saleable value of the conveyor's assets was less at the time of the conveyance than the amount necessary to pay his or her liabilities on his absolute

liabilities as they mature. Uniform Fraudulent Conveyance Act then in effect in Tennessee, T.C.A. §§ 64–301, et seq.

The Court further FINDS, as mandated specifically so to do:

1. that the conveying spouse herein, Mr. Auer, was not in financial difficulty at the time on June 8, 1972 that he conveyed his interest in the subject real-estate, held jointly by him with his wife and codefendant Mrs. Auer, to his (then) wife, Mrs. Auer;

2. that such conveyance was made by the defendant Mr. Auer with no actual intent by Mr. Auer or Mrs. Auer to hinder, delay or defraud his creditors; and,

3. that the fair saleable value of the assets of the defendant Mr. Auer was more on June 8, 1972 than the amount necessary to pay at that time his liabilities on his absolute liabilities as they matured.

The Court further CONCLUDES, as also mandated specifically, that:

A. such interspousal conveyance was not fraudulent *prima facie* under T.C.A. § 64–317;

B. such interspousal conveyance was not otherwise fraudulent under T.C.A. § 64–317; and

C. in any event, the defendant Mr. Auer was not insolvent within the meaning of "insolvency", as defined in T.C.A. § 64–306, on June 8, 1972 or soon thereafter, so that the conveyance aforesaid of that date was not fraudulent. *Hyde Properties v. McCoy*, C.A. 6th (1974), 507 F.2d 301, 307[14], citing *State v. Caldwell*, (1937), 21 Tenn.App. 396, 400[6], 111 S.W.2d 377, certiorari denied (1937), which, in turn, cited *Minton v. Stahlman* (1896), 96 Tenn. 98, 108–109, 34 S.W. 222. " * * * Because the present case involves an alleged fraudulent transfer, this standard [set forth in the Uniform Fraudulent Conveyance Act in effect in Tennessee, *viz.*, T.C.A. § 64–309] [is] the proper one to be applied and reference to any other test [is] unnecessary. * * * " *Ibid.*, 507 F.2d at 307[13]. Neither is it necessary, in view of this latter conclusion of law, to reconsider any other defense raised by Mr. and Mrs. Auer.

The Court of Appeals of this Circuit, having also mandated: " * * * If there was no fraudulent conveyance, of course, the conveyance to Mrs. Auer would stand * * * "; and it having been found and concluded herein that there was no fraudulent conveyance: it is the resulting decision of this Court that the plaintiff The Citizens & Southern National Bank hereby is DENIED all relief from the defendants Mr. William A. Auer and Mrs. Judith Auer. Rule 58(1), Federal Rules of Civil Procedure. The plaintiff The Citizens & Southern National Bank and the defendant Richland Trust Company, having agreed by order of March 2, 1978 herein *inter alia* that " * * * all questions of priority of their liens have been compromised * * * ," the plaintiff likewise hereby is DENIED all relief against that defendant. *Idem.*

Counsel for the respective parties shall undertake forthwith to agree upon an order as to the clerk's disposition of the sum of $39,298.69 and any accrued interest held on deposit in the registry of this Court, unless there is timely notice of another appeal from the judgment to be entered herein on these further findings and conclusions of the Court.