LEWIS, LEWIS AND VAN ETTEN INC., Plaintiff,

v.

MCI TELECOMMUNICATIONS CORPORATION, Defendant.

No. CV–90–3689 (ADS).

United States District Court, E.D. New York.

Aug. 7, 1991.

C. Vernon Mason by Kim Jackson, of counsel, New York City, for plaintiff.

David M. Lira, Garden City, for defendant.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

The basic question presented on this application is whether the Court should, in its discretion, require the parties to submit on a motion for leave to amend the complaint, when the movant specifically requests the opportunity to present oral argument. Although the Court has the power to direct the parties to submit the motion and determine it without the benefit of oral argument, under these circumstances, the Court declines to exercise that power and, accordingly, grants the movant's request for oral argument.

### I.

The plaintiff Lewis, Lewis and Van Etten Inc. ("Lewis"), moves for leave to amend the complaint pursuant to Fed.R.Civ.P. 15(a). The return date of the motion having originally been scheduled for August 2, 1991, the plaintiff now seeks an adjournment to September 20, 1991, in order to present oral argument on the motion.

The defendant MCI Telecommunications Corporation ("MCI") consents to an adjournment of the return date to September 20, 1991, but opposes Lewis' request for oral argument. Specifically, MCI "ask[es] that the Court exercise its discretion and order that the motion be submitted on papers alone" (Lira letter dated Aug. 1, 1991).

### II.

The courts have repeatedly held that there is no constitutional right to present oral argument on motions (*see, e.g., Wilkins v. Rogers*, 581 F.2d 399, 405 [4th Cir. 1978] [the practice of deciding motions on papers alone "is unquestionably constitutional"]; *Morrow v. Topping*, 437 F.2d 1155, 1156–57 [9th Cir.1971] [no due process violation to deny request for oral argument on motion to dismiss]; *see also Borden, Inc. v. Meiji Milk Prods. Co.*, 919 F.2d 822, 828 [2d Cir.1990] ["busy district courts are by no means required to hold oral argument on every motion that is filed"]; *see generally* 1 Shepard's Editorial Staff, *Motions in Federal Court* § 2.1 [2d ed. 1991] [collecting cases]; 12 C. Wright & A. Miller, *Federal Practice and Procedure* § 3091 [1973] [same]; *but see Dredge Corp. v. Penny*, 338 F.2d 456, 461–62 [9th Cir.1964] [invalidating local rule not permitting oral argument on request by non-movant to summary judgment motion]; *see also* Annot., "Federal Courts: Necessity of Hearing and Oral Argument on Motions for Summary Judgment or for Judgment on the Pleadings", 1 A.L.R. Fed. 295 [1969 & Supp.1990] [collecting cases]).

Whether or not oral argument on motions is required or permissive is determined solely by reference to the local rules of the district court and the individual rules of the assigned district judge (*see* Fed. R.Civ.P. 78; *see also* 7 *Moore's Federal Practice* ¶ 78.02 [1991]).

Pursuant to local civil rule 3(i) of this district, "[t]he judge may direct the parties to submit motions and may determine them without oral hearing" (Rule 3[i] of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York [1990]). The individual practice of the judges within this district varies

widely.[1] For example, some of the judges generally require oral argument on all motions (*e.g.*, Judge Carol B. Amon; Judge I. Leo Glasser; Judge Eugene H. Nickerson; Judge Reena Raggi). Others permit oral argument if requested (*e.g.*, Judge Arthur D. Spatt; Judge Jack B. Weinstein), while still others require a pre-motion conference before motions are made (*e.g.*, Judge Raymond J. Dearie).

 This Court's individual rules provide, in relevant part, as follows:

"The parties shall clearly indicate in the motion papers whether the motion is on submission or whether oral argument is requested. Either party may request oral argument" (Individual Rules of Judge Spatt § 1).

Consideration of whether to grant a request for oral argument includes weighing such factors as the type of motion and whether argument might be helpful or unnecessary to the Court (*see* Proceedings of the Seminar on Procedures for Effective Judicial Administration, 29 F.R.D. 191, 301 [1961]). Generally, in the absence of an objection, this Court freely permits oral argument upon request by either party.

### III.

Although Lewis' motion for leave to amend is clearly not a "dispositive" motion, the plaintiff nonetheless seeks to present oral argument. MCI's objection is based merely on the ground that, "we believe oral argument on a motion of this kind is simply a waste of the Court's and our time and resources. Nothing will be gained by oral argument" (Lira letter dated Aug. 1, 1991). This Court disagrees.

In this Court's view, similar to argument on an appeal, oral argument on a motion serves a useful purpose in that it tends to emphasize the genuine issues before the Court (*cf.* Wallach, "Some Do's and Don't's of Appellate Advocacy", 21 Trial Law. Q. 17, 17–18 [1991] [emphasizing important role of oral argument on appeals]), and may even change the view of the Court on one or more issues in the case (*see* "Circuit Judge's Views on Appellate Process", N.Y.L.J., Mar. 22, 1988 [Judge Pratt noting usefulness of oral argument on an appeal and that "in maybe 10 percent of the cases, oral argument has changed my view"]). From the litigant's perspective, oral argument provides an additional opportunity to pursuade the Court that his or her position is correct.

Therefore, in construing this Court's individual rules on requesting the opportunity to present oral argument on motions, in the absence of showing cause why there should not be oral argument, once a party requests argument, such an application should and will generally be granted. So long as the party opposing oral argument is afforded proper notice that argument will be presented on the specified motion return date, due process has been satisfied, and that party may elect to either appear or submit.

### IV.

Based upon the foregoing, the plaintiff's request for oral argument is granted. Argument on the motion of the plaintiff for leave to amend the complaint will be heard.

SO ORDERED.

---

**1.** The individual rules of each of the judges of the Southern and Eastern Districts of New York is reprinted every Tuesday in the *New York Law Journal.*