John N. BACH, Plaintiff–Appellant,

v.

TETON COUNTY, IDAHO; Ryan Kaufman; Colin Luke, Arlene Luke; State of Idaho; Attorney General for Idaho; Roy C. Moulton; Nancy Schwartz, Kim Cook; Clint Calderwood; Phyllis Fitzgerald, individually & d/b/a Cache Ranch dba Cache Ranch; Phyllis Fitzgerald, individually & d/b/a Cache Ranch dba Cache Ranch; Christy Miller; Craig Crases; Mike Crowley; Janet Woodland; Louis Gaylor; Terrina Beatty; John J. Stewart; Armin Ross; Kathy Ross; Stan Nikell; Earl Hamblin, individually & agents; Kenneth F. Stringfield, individually & as Deputy Attorney General of Idaho; Does 1–20, inclusive; Dennis Thomas; Sean Fitzgerald; Lyle Blake dba Towing Grande; Laura Lowry, individually & as County Prosecutors & County Attorneys of Teton County, Idaho; Dave Oveson, individually & as Teton County Sheriffs; Eileen Hammon; James Dewey, individually & as Deputy Sheriffs of Teton County; Nolan Boyle, individually & as Teton County, Idaho Clerk Recorder; Lavell Johnson; Brent Robson; Mark Trupp; Dave Trapp, individually and as Teton County, Idaho Commissioners; Yolanda Vallo, individually & as an employee of Teton County Assessor's Office; Phyllis Hansen, individually & as employees of Teton County Magistrate Court; Jay Calderwood; William Moulton, individually & as chairperson of Teton County Planning & Zoning; Katherine M. Miller, Jack L. McLean; Paula Ehrler; Wayne Dawson; Donna Dawson; Alva A. Harris, individually & jointly as sham and fraudulent Idaho entities; Scona, Inc.; Targhee Powder Emporium; Targhee Powder Emporium Unltd.; Targhee Powder Emporium Ltd.; Brad Hill, aka Bret Hill; Susan Hill, aka Deena Hill; Oly Olsen; Frank Byers; Bruce Blackmer; Benjamin Kemstra; Mary Langdon; Jack Webb; Jan Levandoski; Russell Ferris; Ann–Toy Broughton; Kenneth Blair; Harlene Blair; Gary Blake; Jan Blake; Mary Sarrone, individually & d/b/a as Aunty Em's dba Aunty Em's; Lowell Curtis; Mori Bergmeyer; Lovell Harrop; Lorraine Harrop; Peter Estay; Shan Perry, Donald L. Harris; Charles Homer, individually & d/b/a Holden, Kidwell, Hahn & Crapo, agent of St. Paul Insurance Company dba Holden, Kidwell, Hahn, Crapo—St. Paul Insurance Company; Cody Runyan; Galen Woelk, individually & d.b.a Runyan & Woelk; Kathy Runyan, Roger Brink, individually & d.b.a. Alta Realty & agents for Lovell Harrop & Lorraine Harrop dba Alta Realty—Lovell Harrop—Lorraine Harrop; Mark Melehes, indi-

vidually & d.b.a. Alta Construction Company dba Alta Construction Company; Larry Williamson, individual & as an agent of Grand Targhee Summer & Ski Resort—Grand Targhee Summer & Ski Resort; Donna Woolstenhulme; David Kearsley; Douglas Martin, individually & agents of the Bank of Commerce, Driggs Branch—Bank of Commerce; Edward J. Lodge; B. Lynn Winmill; Larry M. Boyle; Mickel H. Williams; Mark Echohawk; United States of America; Terry Milton, Defendants–Appellees,

and

Donald L. Harris, Defendant.

No. 04–36061.

United States Court of Appeals, Ninth Circuit.

Submitted July 31, 2006.*

Filed Nov. 14, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John N. Bach, San Marino, CA, pro se.

Blake G. Hall, Joel E. Tingey, Esq., Douglas R. Nelson, Anderson Nelson Hall Smith, James D. Holman, Esq., Thomsen & Stephens, Scott W. Marotz, Esq., Idaho Falls, ID, Roger Lee Gabel, Esq., Office of the Idaho Attorney General, Craig L. Meadows, Esq., Jason D. Scott, Esq., Hawley Troxell Ennis & Hawley, Richard C. Boardman, Esq., Perkins Coie, LLP, Boise, ID, Office of the U.S. Attorney, Sacramento, CA, Debora G. Luther, David Cheng, Esq., Teresa E. McLaughlin, Esq., Teresa Milton, U.S. Department of Justice, Washington, DC, for Defendants–Appellees.

Robert M. Harwood, Benoit Alexander Sinclair Doerr Harwood & High, Ketchum, ID, for Defendant.

Alva A. Harris, Esq., Shelley, ID, pro se.

Oly Olsen, Tetonio, ID, pro se.

Frank Byers, Tetonia, ID, pro se.

Bruce Blackmer, Arco, ID, pro se.

Mary Langdon, Driggs, ID, pro se.

Jack Webb, Driggs, ID, pro se.

Jan Levandoski, Jackson, WY, pro se.

Russell Ferris, Victor, ID, pro se.

Ann–Toy Broughton, Tetonia, ID, pro se.

Kenneth Blair, Alta, WY, pro se.

Harlene Blair, Alta, WY, pro se.

Gary Blake, Driggs, ID, pro se.

Jan Blake, Driggs, ID, pro se.

Mary Sarrone, Tetonia, ID, pro se.

Lowell Curtis, Driggs, ID, pro se.

Mori Bergmeyer, Driggs, ID, pro se.

Lovell Harrop, Idaho Falls, ID, pro se.

Lorraine Harrop, Idaho Falls, ID, pro se.

Peter Estay, Driggs, ID, pro se.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM ***

John Bach, a former practicing lawyer, appeals pro se the district court's judgment in favor of defendants in his action asserting claims pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, 18 U.S.C. §§ 1961–64, California statutory law, and Idaho statutory and common law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Morrison v. Hall, 261 F.3d 896, 900 (9th Cir.2001), and its dismissal for failure to state a claim. See Nelson v. Heiss, 271 F.3d 891, 893 (9th Cir.2001). We affirm.

The district court properly granted summary judgment because Bach failed to raise a genuine issue of material fact as to any of his claims against Donald Harris, Shan Perry, and Charles Homer, individually and d/b/a Holden, Kidwell, Hahn & Crapo. Bach also failed to raise a genuine issue of material fact as to his 42 U.S.C. § 1983 claim against Colin Luke, Ryan Kaufman, Laura Lowry and Teton County.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*See Delta Savings Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001).

 The district court did not err in dismissing with prejudice all of Bach's remaining federal claims for failure to state a claim under Fed. R. Civ. P 12(b)(6). Bach's amended complaint failed to identify specific defendants and specific actions that violated 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986 or RICO. Further amendment would have been futile, as, despite numerous opportunities, Bach never presented facts sufficient to state a claim. Therefore, the district court did not err when it dismissed Bach's claims with prejudice and did not abuse its discretion when it did not permit Bach to file a third amended complaint. *See Albrecht v. Lund,* 845 F.2d 193, 195–96, *amended by* 856 F.2d 111 (9th Cir.1988).

The district court did not abuse its discretion in limiting discovery and in striking those portions of Bach's declarations which were repetitive, inadmissible or based on speculation and conjecture.

 Due process does not require the district court to hold oral argument before ruling on pending motions. *See Morrow v. Topping,* 437 F.2d 1155, 1156 (9th Cir. 1971). Bach had notice of the motions and opportunity to respond.

 The district court did not abuse its discretion when it denied Bach's post-judgment motion for a "new trial," to alter or amend the judgment or for an order of relief from judgment. Bach failed to present any grounds for such relief. *See 389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999).

The district court did not abuse its discretion by awarding defendants a total of $78, 661.90 in attorneys' fees and determining Bach's litigation conduct to be frivolous, unreasonable, without foundation and meritless. *See Franceschi v. Schwartz,* 57 F.3d 828, 832 (9th Cir.1995).

 We grant the requests of Teton County, Bank of Commerce, and the State of Idaho for attorney's fees on appeal under 42 U.S.C. § 1988(b) because Bach's filing of the instant appeal in this case, in which he sought treble damages of $30,000,000 and his attorneys' fees and costs, was frivolous, unreasonable, without foundation and meritless. The determination of an appropriate amount of fees on appeal is referred to the court's Appellate Commissioner, Peter L. Shaw, who shall have authority to enter an order awarding fees. *See* 9th Cir. R. 39–1.9.

AFFIRMED.[1]

---

1. Teton County's motion to strike Appellant's Citation of Most Recent Case Decisions is granted. Bach's motion for oral argument on appeal is denied.

