NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENATO OPENIANO, an individual, | No. 19-56206 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00943-AJB-AGS |
| v. | |
| HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, FKA ITT Hartford Life and Annuity Insurance Company, a corporation; ITT HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, a corporation; DOES, 1-100 inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted November 18, 2020**
San Francisco, California

Before: O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge N.R. SMITH

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Renato Openiano challenges the district court's grant of judgment on the pleadings in favor of Hartford Life and Annuity Insurance Company. As the facts are known to the parties, we repeat them only as necessary to explain our decision. This Court has jurisdiction under 28 U.S.C. § 1291.

I

The district court properly dismissed as time-barred Openiano's claims relating to the missing 1998 check because the applicable limitations periods were all expired by *at least 16 years* when he filed suit. *See City of Vista v. Robert Thomas Sec., Inc.*, 101 Cal. Rptr. 2d 237, 241 (2000) (breach of fiduciary duty); Cal. Civ. Proc. Code § 337(1) (breach of contract); *id.* § 338(d) (constructive fraud and fraud); *id.* § 339(1) (bad faith); Cal. Bus. & Prof. Code §17208 (unfair competition).

The statutes of limitations were not tolled by California's "Delayed Discovery Rule" because Openiano had notice of the facts constituting his claims when they accrued in 1998. *See Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110 (1988). The district court need not have "accept[ed] as true" his allegation that he did not "discover" his injury until 2015, because it is a legally "conclusory statement" (as opposed to a genuinely *factual* allegation). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Openiano's argument for tolling based on his alleged mental disability is waived because he disclaimed it in the district court. *See United States*

2

*v. Rubalcaba*, 811 F.2d 491, 493 (9th Cir. 1987).

## II

The district court properly held that Openiano failed to state claims for fraud, breach of contract, or bad faith in relation to Hartford's cancellation of the duplicative loan check it sent in 2015.

Regarding the fraud claim, Openiano's assignment of error hangs on his contention that the district court failed to accept as true his allegation that there *was* no duplicative check. **S**uch allegation was contradicted, however, by exhibits attached to Openiano's own complaint, which contain references to the fact that the *non*-cancelled duplicative check "is check number 910358." It is well-settled that when ruling on Rule 12(b)(6) and 12(c) motions, courts may consider materials attached as exhibits to the complaint under attack. *E.g.*, *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.,* 583 F.2d 426, 429–30 & n. 2 (9th Cir. 1978). And where attached exhibits "contradict" allegations in the complaint, the court need not accept such allegations as true. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, 989, *amended on other grounds*, 275 F. 3d 1187 (9th Cir. 2001). At bottom, because we "may affirm" the district court's holding that Openiano failed to state a fraud claim "upon any basis fairly supported by the record," we conclude that the district court did not err in so holding. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000).

Nor did the district court err by declining to "accept as true" Openiano's "threadbare recitals of the elements" of breach-of-contract and bad-faith. *Iqbal*, 556 U.S. at 678.

III

The district court properly dismissed Openiano's claims under California's Unfair Claims Settlement Practice Act, and for breach of fiduciary duty, as legally insufficient. The Unfair Claims Settlement Practice Act creates no private cause of action. *Zephyr Park, Ltd. v. Super. Ct.*, 263 Cal. Rptr. 106, 109–10 (1989). California recognizes no fiduciary duty between an insurer and an insured. *Love v. Fire Ins. Exch.*, 271 Cal. Rptr. 246, 252–54 (1990).

IV

The district court did not abuse its discretion in granting Hartford's request for judicial notice. Judicial notice may be taken when ruling on a motion for judgment on the pleadings, *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir. 1999), and all documents here were properly subject to notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

V

Last, the district court did not err by deciding Hartford's motion without oral argument. Where a district court denies oral argument pursuant to local rule, *see*

4

S.D. Cal. Civ. R. 7.1(d)(1), it neither violates due process nor abuses its discretion, *Morrow v. Topping*, 437 F.2d 1155, 1156–57 (9th Cir. 1971).

**AFFIRMED.**



*Openiano v. Hartford Life & Annuity Ins. Co.*, 19-56206

N.R. SMITH, Circuit Judge, concurring in part and dissenting in part:

Construing Renato Openiano's claims in his favor as we must at this stage of the proceedings, *see Kotrous v. Goss-Jowett Co.*, 523 F.3d 924, 929 (9th Cir. 2008); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."), Openiano has stated a cognizable claim for fraudulent misrepresentation based on the February 13, 2015 representations of Hartford's employee, *see Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 960 (9th Cir. 2013) (noting that, under California law, "[t]he elements of fraud are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage"). Thus, I would reverse and remand for further consideration the district court's ruling on Openiano's fraudulent misrepresentation claim.

1