NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIRCH LAW FIRM, LLP; et al.,

                  Appellants,

  v.

ELIAS NAKHLEH; et al.,

              Defendants-Appellees.

No.   20-56207

D.C. No.
2:20-cv-05734-PA-MAA

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted May 12, 2022
Pasadena, California

Before:  IKUTA and NGUYEN, Circuit Judges, and DANIELS,** District Judge.

     Mirch Law Firm, LLP ("Mirch") appeals the district court's order

disqualifying it as plaintiffs' counsel in a RICO action brought by Seyed Zia Eddin

Ahmadi Abhari, Donya Entertainment, Inc., and Noureen Entertainment, Inc.

against defendants Elias Nakhleh, Slater's 50/50 Franchise, LLC, and Elite

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The Honorable George B. Daniels, United States District Judge for the
Southern District of New York, sitting by designation.

Restaurant Group, Inc. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1. Defendants argue that Mirch lacks standing to challenge the disqualification order. Where a disqualification order "clearly and intentionally sanction[s] an attorney," the attorney has suffered sufficient injury-in-fact to have standing. *United States v. Ensign*, 491 F.3d 1109, 1118 (9th Cir. 2007); *see also United States v. Talao*, 222 F.3d 1133, 1137-38 (9th Cir. 2000) (finding an attorney had standing to appeal a district court ruling that she violated an ethical rule because it constituted a "per se" sanction). Here, given the district court's clear findings of ethical violations, we are satisfied that Mirch has standing to appeal.

2. We review disqualification orders for abuse of discretion. *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980). "[A]n order disqualifying counsel will not be disturbed if the record reveals 'any sound' basis for the court's action," *Paul E. Iacono Structural Eng'r, Inc. v. Humphrey*, 722 F.2d 435, 438 (9th Cir. 1983), which may include a violation of ethical rules, *see id.* at 440. The district court properly applied California law in determining whether disqualification was proper. *Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1122 (9th Cir. 2002); *see also*

---

[1] We grant appellees' request for judicial notice (Dkt. 55) and deny Mirch's request for judicial notice (Dkt. 15).

C.D. Cal. Local R. 83-3.1.2 (requiring attorneys in the Central District of California to comply with California's Rules of Professional Conduct).  Relevant here, an attorney may be disqualified based on his presumed or actual acquisition of an adversary's privileged information.  *See Humphrey*, 722 F.2d at 440; *see also Shadow Traffic Network v. Superior Court*, 24 Cal. App. 4th 1067, 1085 (Cal. Ct. App. 1994).

The record supports the district court's finding that Martin Reiner obtained privileged information from Defendants during a prior lawsuit through an implied attorney-client relationship.  *See* Cal. Evid. Code § 950.  "[I]t is the intent and conduct of the parties that controls the question as to whether an attorney-client relationship has been created."  *Zenith Ins. Co. v. O'Connor*, 148 Cal. App. 4th 998, 1010 (Cal. Ct. App. 2007).  Defendants reasonably believed Reiner was acting as their attorney and that their communications were privileged.

The record also supports the district court's finding that Defendants disclosed confidential information to Reiner that was materially relevant to this case.  The party seeking disqualification need not "disclose the actual information contended to be confidential."  *In re Complex Asbestos Litigation*, 232 Cal. App. 3d 572, 596 (Cal. Ct. App. 1991).  The court should be given "the nature of the information and its material relationship to the proceeding."  *Id.*  Defendants did so

here, outlining the categories of confidential business materials Nakhleh disclosed to Reiner, which materially relate to many of the allegations in this case.

Where a law firm witness or employee has an adversary's relevant, privileged information, a "rebuttable presumption arises that the information has been used or disclosed" to the law firm. *Shadow Traffic Network*, 24 Cal. App. 3d at 1085 (citing *Complex Asbestos*, 232 Cal. App. 3d at 596). Reiner claimed to be Mirch's witness, and although Mirch denies receiving confidential information from Reiner, the district court's weighing of the evidence is entitled to deference. On this record, the district court did not abuse its discretion in disqualifying Mirch because there is a "sound basis," *Humphrey*, 722 F.2d at 438 (internal quotation marks omitted), for the district court's conclusion that disqualification was required to remedy the unfair advantage that Plaintiffs obtained through Mirch's representation.

3. The district court did not violate Mirch's due process rights by taking the motion to disqualify under submission. *See* Fed. R. Civ. P. 78(b); C.D. Cal. Local R. 7-15; *Morrow v. Topping*, 437 F.2d 1155, 1156-57 (9th Cir. 1971) (per curiam) (holding that a district court's failure to hold oral argument on a motion to dismiss was not an abuse of discretion or a denial of due process).

**AFFIRMED.**