FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILLIAM DARULIS, Estate of; MARK
DARULIS, in representative
capacity,
        *Plaintiffs-Appellants,*

v.

GARATE, San Francisco Police
Officer # 902; SMITH, - #1531;
LEACH, Lieutenant #614; CITY AND
COUNTY OF SAN FRANCISCO, District
Attorney's Family Support Bureau,
        *Defendants-Appellees.*

No. 03-16580

D.C. No.
CV-02-02194-VRW

OPINION

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Submitted February 11, 2005*
San Francisco, California

Filed March 22, 2005

Before: J. Clifford Wallace, Johnnie B. Rawlinson, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Wallace

---

*This panel unanimously finds this case suitable for decision without
oral argument. See Fed. R. App. P. 34(a)(2).

**COUNSEL**

Mark Darulis, plaintiff-appellant, pro se, Millbrae, California.

Brian Gearinger, Deputy City Attorney, San Francisco, California, for the defendants-appellees.

---

**OPINION**

WALLACE, Senior Circuit Judge:

Mark Darulis, representing his deceased father, William Darulis, appeals pro se from the district court's judgment of dismissal of this diversity action. Darulis also challenges the district court's order denying his motion for costs of service of process pursuant to Federal Rule of Civil Procedure 4(d). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the dismissal but reverse the denial of Darulis' motion for costs and remand for an award of costs.

I.

On January 21, 2000, Darulis, a resident of California, was arrested by a member of the San Francisco Police Department and subsequently incarcerated. He contends that as a result, his father, an Ohio resident, "became distressed, which led to a heart attack" and his eventual death on May 8, 2000.

Darulis submitted the required government tort claim to the City and County of San Francisco on July 19, 2000, which was rejected on September 14, 2000. On March 12, 2001, Darulis filed a wrongful death complaint in the San Francisco Superior Court, but later abandoned this action. Over a year later, on May 7, 2002, he filed a complaint in the United States District Court for the Northern District of California which, after being amended twice, asserted a tort claim for the

"pre-death suffering" of his father. He contends that by unlawfully arresting him, the defendants negligently breached a duty of care they owed to his father. Darulis also alleges that he repeatedly mailed the individual defendants notice of the lawsuit and requests for waiver of service of process. After they failed to respond, he paid $90 to the San Francisco Sheriff to effectuate service on them.

## II.

The district court applied the six-month limitations period provided by California Government Code §§ 945.6 and 950.6, rather than Ohio's two-year statute of limitations. *See* OHIO REV. CODE ANN. § 2305.10. Because the six-month period began to run in September of 2000, and Darulis did not file his federal complaint until May of 2002, the district court granted the defendants' motion to dismiss Darulis' complaint as untimely. *See* FED. R. CIV. P. 12(b)(6). Darulis does not argue on appeal that the statute of limitations should have been tolled, or that he timely filed within California's limitations period; rather, he challenges the district court's choice-of-law determination. We review this conclusion de novo. *See Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 (9th Cir. 1987).

[1] "It is well-settled that in diversity cases federal courts must apply the choice-of-law rules of the forum state." *Id.* In California, courts apply a three-part governmental interest test. *Arno v. Club Med Inc.*, 22 F.3d 1464, 1467 (9th Cir. 1994). First, we must assess whether the foreign state law actually differs from the law of California. *Id.* If so, we then consider each state's interest in having its own law applied to this case to determine whether there is a "true conflict" between their interests. *Id.* Finally, if each state has a legitimate interest, we compare the extent to which each state's interests will be impaired if the other state's law is applied. *Id.*

[2] Applying this test, the district court properly concluded that California's six-month limitations period should govern.

Both California and Ohio have an interest in preserving tort claims for a reasonable length of time, and both states generally provide a two-year limitations period. *See* Cal. Gov't Code § 945.6(a)(2); Ohio Rev. Code Ann. § 2305.10. California, however, imposes a six-month period here because the public-entity defendant issued Darulis a written rejection notice which specifically warned him that a shortened limitations period would apply. *See* Cal. Gov't Code §§ 913, 945.6(a)(1). Just as this special warning exception is consistent with California's interest in providing a reasonable limitations period, so too is it consistent with Ohio's interest. Ohio's interest was further satisfied when Darulis was able to file a wrongful death complaint in the San Francisco Superior Court within the allowed six months.

**[3]** There is thus no "true conflict" between California and Ohio interests. Moreover, even if there was such a true conflict, the third step of the choice-of-law analysis also supports the district court's decision to apply California law. Ohio has a relatively slight connection with this case. Any interest it may have in preserving a full two-year period is outweighed by California's interest in regulating tort actions brought against its public officials based on conduct which occurred within its borders. *Cf. Orr v. Bank of Am.*, 285 F.3d 764, 772 & n.4 (9th Cir. 2002) (California had little interest in having its law applied where alleged torts occurred in Nevada, plaintiff was a resident of Nevada, and the defendant bank's branch was located in Nevada).

### III.

Darulis contends that because the defendants failed to waive service of process, he is entitled to an award of the costs he incurred in effecting service on the defendants. We review the district court's denial of costs for an abuse of discretion. *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003). "If an exercise of discretion is based on an erroneous interpretation of the law, the ruling should be overturned." *Id.*

**[4]** Federal Rule of Civil Procedure 4(d)(2) provides:

> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

**[5]** Federal Rule of Civil Procedure 4(d)(5) clarifies the costs to be awarded pursuant to Rule 4(d)(2):

> The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service . . . together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

The defendants do not contest Darulis' assertion that they did not respond to his waiver requests, nor do they suggest Darulis' requests did not satisfy the requirements of Rule 4(d)(2) or that they had good cause for failing to respond. Rather, they argue — and the district court held — that because they are the prevailing party, they are entitled to costs pursuant to Rule 54(d)(1), including any costs they would otherwise have to pay Darulis pursuant to Rule 4(d)(2). *See* FED. R. CIV. P. 54(d)(1) ("Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . .").

**[6]** We disagree with the district court's interpretation of the interplay between Rules 4(d)(2) and 54(d)(1). Rule 4(d)(2) is a free-standing cost provision, whereas Rule 54(d)(1) specifically states that it applies except when another federal rule

expressly governs. Furthermore, the purpose of Rule 4(d) is "to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel." FED. R. CIV. P. 4(d) Advisory Committee note on 1993 amendments. To underscore this policy, Rule 4(d)(2) imposes a *duty* to avoid unnecessary costs of service. *See* FED. R. CIV. P. 4(d)(2) ("An individual, corporation, or association that is subject to service . . . and that receives notice of an action . . . has a duty to avoid unnecessary costs of serving the summons."). This policy can be promoted regardless of which party eventually prevails on the merits, and indeed, it would be undermined if a defendant who creates unnecessary costs can gamble that he or she will be able to sidestep Rule 4(d)(2) via Rule 54(d)(1). *Cf. Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998) ("[A] defendant . . . that wants to stand on formalities, for whatever reason, is entitled to do so, as long as it is willing to pay for the privilege.").

In addition, the Advisory Committee has remarked:

> A defendant failing to comply with a request for a waiver shall be given an opportunity to show good cause for the failure, but sufficient cause should be rare. *It is not good cause for failure to waive service that the claim is unjust* or that the court lacks jurisdiction.

FED. R. CIV. P. 4(d)(2) Advisory Committee note on 1993 amendment (emphasis added). This strongly suggests the Committee did not intend to curtail application of Rule 4(d)(2) where a defendant was subject to an ultimately unsuccessful claim.

[7] In light of the express language of Rules 4(d)(2) and 54(d)(1), as well as the indications of the Advisory Committee's intent, we hold the district court abused its discretion in denying Darulis an award of costs for service of process. Rule

4(d)(2) provides for an award of such costs regardless of which party can recover other costs pursuant to Rule 54(d)(1).

The district court's judgment of dismissal is AFFIRMED; the district court's denial of costs pursuant to Rule 4(d)(2) is REVERSED AND REMANDED for an award of costs. Costs on appeal are awarded to Darulis.