**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSEPH PIERRE ROLLIN,

          Plaintiff - Appellant,

  v.

CHRISTINE COOK; MICHAEL
FINAMORE; CHESTER JARBOE; ROY
HORTON; BETTY HENDERSON;
KENNETH HENDERSON,

          Defendants - Appellees.

No. 10-16783

D.C. No. 3:09-cv-03579-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted October 13, 2011
San Francisco, California

Before: HUG, KLEINFELD, and W. FLETCHER, Circuit Judges.

In various orders, the district court dismissed all but one of Plaintiff-

Appellant Joseph Pierre Rollin's § 1983 claims as untimely, granted Defendant-

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Appellee Christine Cook qualified immunity on Rollin's sole remaining § 1983 claim, and denied Rollin attorney's fees for Defendants-Appellees Betty and Kenneth Henderson's refusal to waive service of process. Rollin appeals all the district court's orders. We review a dismissal based on the statute of limitations *de novo*. *See Ventura Mobilehome Cmty. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1050 (9th Cir. 2004). We review a grant of summary judgment based on qualified immunity *de novo*. *See Stoot v. City of Everett*, 582 F.3d 910, 918 (9th Cir. 2009). We review the denial of costs for a defendant's failure to waive service for abuse of discretion. *See Estate of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005).

1. Dismissal Orders

The statute of limitations is two years for claims accruing after January 1, 2003, and one year for claims accruing prior to that date. *See* Cal. Code Civ. Proc. § 335.1; *see also Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004), *Wilson v. Garcia*, 471 U.S. 261, 275 (1985) (requiring application of single statute of limitations for all § 1983 claims).

We agree with the district court on the accrual date of Counts II-V. The claims related to Rollin's false arrest (Counts II and IV) accrued on May 19, 2003, the date Rollin was arraigned and bound over for trial. *See Wallace v. Kato*, 549

2

U.S. 384, 391-92 (2007). Cal. Code Civ. Proc. § 352.1 tolled the statute of limitations for a maximum of two years, i.e., until May 19, 2005. The statute ran until the appellate court reversed Rollin's judgment on December 13, 2006, almost one year and seven months later. After a jury acquitted Rollin on January 15, 2008, he did not file his complaint until almost one year and seven months later, on August 5, 2009. Count III, the count alleging illegal search and seizure, accrued on the search date, March 21, 2002, so the one-year statute of limitation applies. *See Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983). Counts II, III, and IV are thus untimely. Rollin's contention that § 352.1 tolled the limitations period while he was incarcerated after entry of judgment contradicts the text of the statute and well-settled precedents of California law. *See* Cal. Code. Civ. Proc. § 352.1 (requiring person to be incarcerated "at the time the cause of action accrued" for tolling to apply); *Cal. Savings & Loan Soc. v. Culver*, 127 Cal. 107, 110-11 (1899).

Count V relating to the seizure of Rollin's property on March 25, 2002 is also untimely. Rollin knew or should have known of the seizure by the preliminary hearing on November 23, 2003, at the latest. *See Maldonado*, 370 F.3d at 955. After accounting for tolling, we agree with the district court's calculation and so affirm dismissal of Count V as untimely.

2. Summary Judgment

3

With respect to Count I, we agree with the district court that Cook's conduct "[did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). We conclude that at the time of Cook's alleged violation of Rollin's Fifth Amendment rights in April 2003, it would not have been clear to a reasonable police officer that Cook's conduct was unlawful. *See Shedelbower v. Estelle*, 885 F.2d 570, 574 (9th Cir. 1989), *cert. denied*, 498 U.S. 1092 (1991); *Missouri v. Seibert*, 542 U.S. 600 (2004) .

### 3. Attorney's Fees

Rule 4 requires a defendant to pay reasonable attorney's fees if the defendant refuses to sign and return a waiver of service requested by plaintiff without good cause and the plaintiff files a motion to collect any service-related expenses. *See* Fed. R. Civ. P. 4(d)(2). The district court erred in holding that the Hendersons' payment of service expenses after Rollin's filing of the motion rendered the motion moot, and that Rollin's attorney could have taken "additional steps" to avoid having to effect formal service of process.

Once a plaintiff has sent a valid request for a waiver of service of process, the burden shifts to the defendant to avoid imposing unnecessary costs on the

plaintiff. Fed. R. Civ. P. 4(d)(1). Absent a showing of good cause, a defendant who fails to execute a valid waiver "must" pay the costs of formal service and any costs, including reasonable attorney's fees, of any motion "required" to collect service expenses. Fed. R. Civ. P. 4(d)(2). Because the Hendersons failed to waive service and also failed to pay the service expenses until after Rollin had filed a motion to collect them, they also must, absent a showing of good cause, pay Rollin's reasonable attorney's fees associated with these failures. The district court made no finding of good cause, which, in any case, should be "rare." *See Estate of Darulis*, 401 F.3d at 1064. Accordingly, we vacate the district court's order denying Rollin attorney's fees and remand for additional proceedings consistent with this disposition.

For the foregoing reasons, dismissal and summary judgment are **AFFIRMED**, but the order denying attorney's fees is **VACATED AND REMANDED.**

Each party shall bear its own costs on appeal.