**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER HADSELL, | No. 18-16668 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-00293-KAW |
| v. | |
| BARRY BASKIN, in his individual capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding[**]

Submitted January 8, 2020[***]

Before:     CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Christopher Hadsell appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

relating to California state court child and spousal support orders. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker–Feldman* doctrine). We affirm.

The district court properly dismissed Hadsell's action challenging the California state court's child and spousal support proceedings for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because it is a "forbidden de facto appeal" of decisions of the California state court and are "inextricably intertwined" with those state court decisions. *See Noel*, 341 F.3d at 1163-65; *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that *Rooker–Feldman* doctrine bars "inextricably intertwined" claim where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Hadsell's motion to alter or amend the judgment because Hadsell failed to establish any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e)).

The district court did not abuse its discretion in denying Hadsell's motion to impose service costs because defendants had good cause to not sign and return a

waiver. *See* Fed. R. Civ. P. 4(d)(2); *Estate of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005) (standard of review).

The district court did not abuse its discretion in denying Hadsell's motion for sanctions because Hadsell failed to comply with the procedural requirements of Rule 11. *See Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 788 (9th Cir. 2001) (standard of review; there are "strict procedural requirements for parties to follow when they move for sanctions under Rule 11.")

The district court did not abuse its discretion by ruling on the motion to dismiss without oral argument. *See* Fed. R. Civ. P. 78(b); *Morrow v. Topping*, 437 F.2d 1155, 1156-57 (9th Cir. 1971) (district court's failure to hold oral argument on a motion to dismiss was not an abuse of discretion or a denial of due process).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Hadsell's contention that the district court judge was biased.

**AFFIRMED**.