NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEPHEN YAGMAN,

　　　　　　　Plaintiff-Appellant,

v.

ERIC MICHAEL GARCETTI; et al.,

　　　　　　　Defendants-Appellees.

No. 21-55453

D.C. No. 2:20-cv-02722-DMG-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted July 12, 2022[**]

Before:　　SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

　　Stephen Yagman appeals pro se from the district court's judgment dismissing his action alleging various federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Colony Cove Props., LLC v. City of Carson*, 640

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 948, 955 (9th Cir. 2011). We affirm.

The district court properly dismissed Yagman's excessive fines and intrastate travel claims because Yagman failed to allege facts sufficient to state a plausible claim. *See United States v. Bajakajian*, 524 U.S. 321, 334 (1998) (explaining that a fine is unconstitutionally excessive under the Eighth Amendment if its amount is grossly disproportionate to the gravity of the offense); *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017) (explaining that because plaintiff failed to allege a violation of his constitutional rights, "he cannot maintain derivative constitutional claims based on that conduct," including conspiracy and *Monell* claims); *Nunez ex rel. Nunez v. City of San Diego*, 114 F.3d 935, 944 n. 7 (9th Cir. 1997) (noting that neither the Supreme Court nor the Ninth Circuit has recognized a protected right to intrastate travel); *cf. Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999) (recognizing that "minor burdens impacting interstate travel" do not constitute a violation of the right to interstate travel).

The district court did not abuse its discretion by denying further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is

particularly broad where plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Yagman's motions to impose service costs because Yagman did not show that he sent defendants waiver requests that complied with Rule 4(d)(1) and because defendants had good cause to not sign and return a waiver. *See* Fed. R. Civ. P. 4(d); *Estate of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**