NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNEST L. BONNER, Jr., | No.  23-15212 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00445-KJM-DB |
| v. | |
| KIMBERLY KIRCHMEYER; CYNDIE KOUZA; CATHY L. LOZANO; PETER TOM; PAULETTE ROMERO, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| MEDICAL BOARD OF CALIFORNIA; DENISE PINES; DEV GNANADEV; MICHAEL BISHOP; HOWARD R. KRAUSS; SHARON LEVINE; RONALD H. LEWIS; GERRIE SCHIPSKE; JAMIE WRIGHT; FELIX C. YIP; KHOSROW AFSARI; SMITA CHANDRA; RANDY W. HAWKINS | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 13, 2024[]
San Francisco, California

Before: LEE and BRESS, Circuit Judges, and TUNHEIM,[***] District Judge.

Plaintiff Ernest Bonner, Jr. sued current and former employees and affiliates of the Medical Board of California after his medical license was suspended for failure to comply with the terms of his probation. Bonner argues that the defendants violated his constitutional rights and the antitrust laws by failing to consider a petition for "penalty relief"—in which he requested extra time to comply with the terms of his probation—that was pending before the Board at the time it revoked his probation.

The district court granted summary judgment to the defendants, concluding that Bonner's claims for violations of his civil rights under 42 U.S.C. §§ 1981, 1983, and 1985 and for violations of the antitrust laws were barred by absolute immunity. We review the district court's grant of summary judgment de novo. *Sanders v. Cnty. of Ventura*, 87 F.4th 434, 437 (9th Cir. 2023). We have jurisdiction under 28 U.S.C.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

§ 1291. We affirm in part and vacate and remand in part.[1]

1. The district court properly granted summary judgment to defendants Kouza and Kirchmeyer on the federal civil rights claims. We have recognized that state medical board members and staff "function in a sufficiently judicial and prosecutorial capacity to entitle them to absolute immunity." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004). Applying our "functional approach," *see id.* at 923, Kouza is entitled to absolute immunity for her withdrawal of Bonner's petition for penalty relief. *See Fort v. Washington*, 41 F.4th 1141, 1144 (9th Cir. 2022) (explaining that we have previously "'extended absolute quasi-judicial immunity' to 'non-judicial officers for *purely administrative acts*—acts which taken out of context would *appear ministerial*, but when viewed in context are actually a part of the judicial function" (quoting *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002), *as amended*)).

Kirchmeyer is likewise entitled to absolute immunity for initiating the process

---

[1] The only claims properly before this court are Bonner's federal civil rights claims against defendants Kouza and Kirchmeyer and the antitrust claims against defendants Kouza, Kirchmeyer, Lozano, Tom, Afsari, Chandra, and Romero. Bonner forfeited any challenge to the district court's dismissal of his other claims by failing to make arguments "specifically and distinctly" challenging these decisions in his opening brief. *Loher v. Thomas*, 825 F.3d 1103, 1119 (9th Cir. 2016). We do not consider Bonner's argument relating to the statute of limitations, which Bonner did not raise until his reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). We thus deny as moot defendants' motion to strike this portion of the reply brief.

to revoke Bonner's medical license, for investigating Bonner, and for allegedly failing to set a hearing date on his petition for penalty relief. *See Mishler v. Clift*, 191 F.3d 998, 1008 (9th Cir. 1999) ("Filing charges and initiating prosecution are functions that are integral to a prosecutor's work."); *id.* at 1004 (recognizing that "investigating charges" is a task "functionally comparable to duties performed by courts and prosecutors"); *Buckwalter v. Nev. Bd. of Med. Exam'rs*, 678 F.3d 737, 746–47 (9th Cir. 2012) (holding that medical board members are absolutely immune for failing to "promptly institute a hearing" because "they were acting in a judicial capacity when they set the hearing date" (internal quotation marks omitted)).

Even assuming that Kouza and Kirchmeyer were not entitled to absolute immunity for allegedly failing to inform the California Attorney General of Bonner's pending petition for penalty relief, summary judgment was nevertheless appropriate because any claim premised on this omission fails as a matter of law. *See Chicken Ranch Rancheria of Me-Wuk Indians v. California*, 42 F.4th 1024, 1031 (9th Cir. 2022) (noting that the court of appeals can affirm on any ground supported by the record).

Bonner maintains that Kouza and Kirchmeyer violated state law by failing to notify the Attorney General of his petition for penalty relief. But § 1983 "requires [Bonner] to demonstrate a violation of federal law, not state law." *Galen v. Cnty. of L.A.*, 477 F.3d 652, 662 (9th Cir. 2007). Bonner therefore needed to demonstrate

4

that the alleged failure to inform the California Attorney General of the petition deprived him of constitutionally adequate process. *See, e.g., Samson v. City of Bainbridge Island*, 638 F.3d 1051, 1060 (9th Cir. 2012). And here, there is no genuine dispute of material fact that Bonner was not deprived of due process.

The record shows that the Board's administrative law judge and a California Deputy Attorney General knew of Bonner's petition because Bonner sought to admit the petition as evidence at the hearing held to determine whether the Board should revoke his license. Furthermore, "[a] state employee acting in an unauthorized manner" is the type of action for which "'postdeprivation remedies made available by the State can satisfy the Due Process Clause.'" *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1226 (9th Cir. 2021) (quoting *Parratt v. Taylor*, 451 U.S. 527, 538 (1981), *overruled on other grounds*). Here, the fact that a state court ultimately required the Board to reconsider Bonner's petition demonstrates the adequacy of the state post-deprivation remedies available to him. Thus, any claim founded on the failure to notify the California Attorney General of the petition for penalty relief fails.

2. Bonner's only remaining claims are for violations of the antitrust laws. Defendants do not argue that they are entitled to absolute immunity for these claims, and instead ask that they be remanded to the district court. In light of defendants' position, and because defendants make no other arguments on appeal as to these

5

claims, we remand the antitrust claims to the district court for further consideration.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**[2]

---

[2] The parties shall bear their own costs on appeal.