NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDAL JEROME DALAVAI, Successor in Interest to 'Decedent' Geetha Dalavai and Son of Geetha Dalavai, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> THE REGENTS; et al., <br><br> Defendants-Appellees. | No. 23-55412 <br><br> D.C. No. 3:22-cv-01992-CAB-WVG <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted August 14, 2024**
Pasadena, California

Before: OWENS, BADE, and FORREST, Circuit Judges.

Randal Jerome Dalavai appeals from the district court's dismissal of his pro

se suit, as successor in interest to his deceased mother, alleging violations of the

Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

and California law against the Regents of the University of California ("the Regents") and the Elizabeth Hospice ("the Hospice"). We have jurisdiction under 28 U.S.C. § 1291. As the parties are familiar with the facts, we do not recount them here. We affirm.

We review de novo a dismissal for lack of subject matter jurisdiction. *Jajati v. U.S. Customs & Border Patrol*, 102 F.4th 1011, 1016 (9th Cir. 2024). Further, we review de novo both the district court's dismissal for failure to state a claim, *Fort v. Washington*, 41 F.4th 1141, 1144 (9th Cir. 2022), and for expiration of the statutory limitations period, *Gregg v. Hawaii*, 870 F.3d 883, 886 (9th Cir. 2017). "In assessing a Rule 12(b)(6) motion to dismiss, the court must take all factual allegations as true and draw all reasonable inferences in favor of the nonmoving party." *Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023). We construe pro se complaints liberally. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

1. The district court properly dismissed Dalavai's claims against the Regents for failure to state a claim. Our precedent is clear that EMTALA liability "normally ends when [an emergency room patient] is admitted for inpatient care." *Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1167 (9th Cir 2002); *see also* 42 C.F.R. § 489.24(a)(1)(ii) ( "[I]f the hospital admits the individual as an inpatient for further treatment, the hospital's obligation . . . ends."). Because Dalavai's

2

mother was brought to the University of California San Diego ("UCSD") hospital as an inpatient, not an emergency room patient, EMTALA liability does not apply to the Regents. The district court thus properly held that Dalavai did not "allege facts sufficient to establish [that] UCSD . . . violated the EMTALA." Because we affirm the district court's dismissal of Dalavai's claims against the Regents for failure to state a claim, we need not assess his other argument that the district court improperly dismissed his EMTALA claim based on expiration of the statutory limitations period.

2. Because Dalavai did not contest the district court's dismissal of his claim against the Hospice for lack of subject matter jurisdiction in his counseled opening brief, he has forfeited any challenge to that decision. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("It is well established in this circuit that [t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs." (quoting *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990))). But, even assuming Dalavai had not forfeited such a challenge, the district court properly dismissed that claim because Dalavai, a California resident, alleged only state law violations against the Hospice, also a California resident. *See* 28 U.S.C. §§ 1331, 1332.

3. Dalavai's counseled opening brief also failed to contest the district court's refusal to exercise supplemental jurisdiction over his state law claims.

3

Dalavai therefore forfeited review of that decision. *See Martinez-Serrano*, 94 F.3d at 1259. But, even if he had raised it, the district court was within its discretion to decline to exercise supplemental jurisdiction over the state law claims after it had dismissed all federal claims. *See* 28 U.S.C. § 1367(c)(3).

**AFFIRMED.**