NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBORAH COONEY, | No. 23-15236 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-01721-YGR |
| v. | |
| MOLLY C. DWYER, Clerk of Court, United States Court of Appeals for the Ninth Circuit, Individually and in Her Official Capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted June 18, 2025**

Before: WALLACE, O'SCANNLAIN, and N.R. SMITH, Circuit Judges

Deborah Cooney ("Cooney") appeals pro se from the district court's judgment

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Cooney's motion for oral argument is denied. *See* Dkt. No. 68.

dismissing her action against more than 140 defendants, including Molly Dwyer, Susan Soong, former governors, cities and counties, law firms and attorneys, state-court judges and court staff, public utilities, corporations and executives, banks, insurance companies, churches, unions, landlords, and others.

In 2012, Cooney filed a previous action, *Cooney v. California Public Utilities Commission, et al.,* Case No. 4:12-cv-06466-CWS (hereinafter, "*Cooney I*"), in the U.S. District Court for the Northern District of California. There, Cooney asserted the State of California, the California Public Utilities Commission ("CPUC"), former California Attorney General Kamala Harris, former CPUC President Michael Peevey, and Itron, Inc. installed "harmful radiation devices" known as "Smart Meters" on her home and in her community, causing her serious harm. The district court dismissed these claims, and we dismissed Cooney's subsequent appeal as frivolous.

In 2018, Cooney filed a second action, *Cooney v. City of San Diego, et al.*, Case No. 18-cv-01860-JSW (hereinafter, "*Cooney II*"), in the Northern District of California, alleging "fraud on the court" related to the district court judgments against her in *Cooney I*, and that defendants conspired to deprive her of numerous rights. In that action, Cooney named nearly 90 defendants, including the defendants from *Cooney I*, governors, judges, cities and counties, law firms and attorneys, public utilities, corporations and executives, and churches. The district court granted

2

Cooney leave to amend but ultimately dismissed the action with prejudice for failure to meet federal pleading standards. Cooney appealed, and we dismissed the appeal as frivolous.

Cooney filed this action on March 11, 2021, alleging fraud regarding the judgments against her in *Cooney I*, *Cooney II*, and various state-court actions, among other allegations of conspiracies to deprive her of numerous rights. In her First Amended Complaint, Cooney named more than 140 defendants, including Molly Dwyer, Clerk of the Court for the Ninth Circuit, and Susan Soong, former Clerk of the Court for the Northern District of California; former governors; cities and counties; law firms and attorneys; state-court judges and court staff; public utilities; unions; corporations and executives; banks; insurance companies; churches; landlords; and others. The district court dismissed Cooney's claims and denied in part her motion for costs of service. Cooney appeals.[1]

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, res judicata, and personal immunity. *See, e.g.*, *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir.

---

[1] The parties have filed several requests for this court to take judicial notice of court records from prior proceedings and information contained on government websites. *See* Dkt. Nos. 94, 145, 149, 152. Insofar as these requests pertain to relevant court records and government websites, we grant judicial notice of the existence of such documents. *See* Fed. R. Evid. 201(d); *see also United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004); *Ariz. Libertarian Party v. Reagan*, 798 F.3d 723, 727 n.3 (9th Cir. 2015).

3

2019) (failure to state a claim); *Maldonado v. Harris*, 370 F.3d 945, 949 (9th Cir. 2004) (res judicata); *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 907 (9th Cir. 2021) (personal immunity).

We review for an abuse of discretion the district court's denial of leave to amend. *Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015). We also review for abuse of discretion denial of motion for costs of service. *Estate of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005).

We affirm.

1. *Dismissal of Claims Against Dwyer and Soong.* The district court did not err in dismissing Cooney's claims against Dwyer and Soong because they are entitled to quasi-judicial immunity since Dwyer's and Soong's purported misconduct relates to tasks "inexorably connected" with a judicial function and are therefore "within the realm of activities protected by quasi-judicial immunity." *Fort v. Washington*, 41 F.4th 1141, 1146 (9th Cir. 2022) (citation and internal quotation marks omitted); *see also Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021), quoting *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."); *In re Castillo*, 297 F.3d 940, 952–53 (9th Cir. 2002) (explaining that controlling and managing the docket, scheduling, and noticing proceedings are

4

part of the judicial function).

2. *Dismissal for Failure to State a Claim and Based on Res Judicata.* The district court did not err in dismissing Cooney's remaining claims because they are all either insufficiently pled or barred by res judicata. Cooney's various claims are difficult to follow and are unsupported by facts. Cooney's conclusory allegations do not meet federal pleading standards and were properly dismissed, as Cooney failed to establish any plausible connection between the defendants and the events, and included no facts indicating when any event happened, which defendant caused it, or how any defendant caused her alleged injury. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

In any event, Cooney's claims are also barred by res judicata as she previously raised the same allegations against nearly all the same defendants in her prior actions, each of which resulted in a final judgment on the merits. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001), quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) ("'Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action.' The doctrine is applicable whenever there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties.'"). As such, the district court correctly dismissed her claims.

5

3. *Denial of Leave to Amend.* The district court did not abuse its discretion in denying Cooney leave to amend her claims because amendment would be futile. *See, e.g.*, *Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015) (explaining that a district court does not abuse its discretion in denying leave amend where no amendment would cure the deficiency). Indeed, there are no facts that Cooney could plead to cure her claims as they are all barred by either quasi-judicial immunity or res judicata.

4. *Denial In Part of Cooney's Motion for Costs of Service.* The district court did not abuse its discretion in denying in part Cooney's motion for costs of service because Cooney failed to meet her burden of showing that she properly served defendants with a request for waiver. *See* Fed. R. Civ. P. 4(d)(1) (setting forth requirements to serve a request for waiver of a service of a summons); *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (explaining that the plaintiff bears the burden of showing that service was proper); *see also* Fed. R. Civ. P. 4(e)(1) (stating that a plaintiff may follow state law for serving a summons); Cal. Civ. Proc. Code § 415.30 (setting forth requirements for service of a summons under California law).

5. *Cooney's Remaining Arguments.* Cooney's remaining arguments that (a) her request for a preliminary injunction is not moot, (b) the district court erred in dismissing 52 defendants who had not yet appeared and in failing to enter default against these defendants, and (c) the judgment is "void" for various reasons,

6

including lack of personal and subject matter jurisdiction, are meritless. First, the district court properly dismissed as moot Cooney's request for a preliminary injunction given that the court had dismissed all of Cooney's claims. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017) ("'A request for injunctive relief remains live only so long as there is some present harm left to enjoin.'" (citation omitted)). Second, the district court did not err in dismissing various defendants and not entering judgment against them because Cooney failed to serve most, if not all, of these defendants and she was therefore not entitled to default against them. Finally, Cooney's argument that the judgment is "void" for various reasons is completely unsupported by facts and legal authority. Consequently, we reject her remaining arguments.

**AFFIRMED.**