**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VERNON PELTZ; MARK BROWN; PATRICK GONZALEZ; ROY TRIPOLONI, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> KYLE BRYSON, Honorable, Presiding Judge of the Superior Court of the State of Arizona, in and for County of Pima; VINCE ROBERTS, Honorable, Presiding Judge of the Consolidated Justice Court in and for the County of Pima; ANTONIO RIOJAS, Honorable, Presiding Magistrate of the Tucson City Court, County of Pima, State of Arizona; Unknown WAKEFIELD, named as TPD Wakefield, both individually and in his official capacity; Unknown SACHS, named as TPD Sachs, both individually and in his official capacity; WILLIAM CORRALES, named as TPD Sargent, both individually and in his official capacity; JEFFREY BERGIN, <br><br> Defendants - Appellees. | No. 23-3972 <br><br> D.C. No. 4:23-cv-00094-RCC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Raner C. Collins, District Judge, Presiding

Submitted April 22, 2026[**]

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

Vernon Peltz, Mark Brown, Patrick Gonzalez, and Roy Tripoloni appeal pro se from the district court's judgment dismissing their 42 U.S.C. § 1983 action alleging that the prohibition of videorecording in three Arizona courthouses without judicial permission violated their First Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed plaintiffs' action because plaintiffs failed to allege facts sufficient to show that the recording prohibitions were unreasonable or not viewpoint neutral. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and that the court need not accept as true legal conclusions contained in the complaint (citation and internal quotation marks omitted)); *Sammartano v. First Jud. Dist. Ct., in and for County of Carson City*, 303 F.3d 959, 965-66 (9th Cir.

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2002) (explaining that judicial complexes are nonpublic forums where the government may impose reasonable and viewpoint-neutral restrictions), *abrogated on other grounds by Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

The district court did not abuse its discretion by denying plaintiffs leave to amend because amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion by denying plaintiffs' motion for reimbursement of service expenses because defendant Bryson demonstrated good cause. *See* Fed. R. Civ. P. 4(d)(2) (requiring a court to impose on a defendant the expenses of service if that defendant fails, without good cause, to sign and return a waiver requested by a plaintiff); *Est. of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005) (setting forth standard of review).

We reject as meritless plaintiffs' contention that the district court was required to convert defendants' motions to dismiss into motions for summary judgment.

**AFFIRMED.**

23-3972